IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

──────────────────────────────

SENGMANY SAVATXATH,

        Plaintiff,

  v.                           Civ. Action No.
                                3:12-CV-1492 (NAM/DEP)

CITY OF BINGHAMTON, *et al.,*

        Defendants.

──────────────────────────────

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

SENGMANY SAVAT*XATH, Pro Se*
c/o 105 N. Roosevelt Ave.
Endicott, NY 12821

FOR DEFENDANTS:

CITY OF BINGHAMTON            BRIAN M. SEACHRIST, ESQ.
CORPORATION COUNSEL
38 Hawley Street
City Hall
Binghamton, NY 13901

OFFICE OF BROOME COUNTY      JENNIFER L. KATZ, ESQ.
ATTORNEY
44 Hawley Street
P.O. Box 1766
Binghamton, NY 13902-1766

## ORDER

This action was commenced by *pro se* plaintiff Segmany Savatxath on September 28, 2012. Complaint (Dkt. No. 1). Plaintiff's complaint alleges that following events occurred on or about October 6, 2009. *Id.* at ¶ 25. On that date, while plaintiff was driving an automobile owned by his ex-girlfriend in the Town of Dickinson, New York, defendant Michael Kelly, a Broome County Sheriff's Deputy, attempted to stop the vehicle. *Id.* at ¶¶ 25-26. Believing that he had committed no traffic offense, plaintiff refused to stop, leading several law enforcement officers on a vehicle chase through Broome County before being forcibly stopped in the City of Binghamton after running over a spike strip. *Id.* at ¶¶ 26-32.

After the vehicle came to a stop, plaintiff was ordered to exit the vehicle, but refused to comply. Complaint (Dkt. No. 1) ¶¶ 37-41. Defendant Recks, another Broome County Deputy Sheriff, then broke the front passenger side window of the vehicle and dragged the plaintiff from the car. *Id.* at ¶¶ 33-42. Plaintiff was subsequently assaulted, including through use of a taser and with the aid of a police dog. *Id.* at ¶¶ 44-46, 48-49. Once subdued, he was taken into custody and transported to the headquarters of the Broome County Sheriff's Department, where he was

detained, strip-searched, denied medical treatment, and forced to submit to a drug recognition evaluation. *Id.* at ¶¶ 55-58, 68. Plaintiff was then taken before a Town of Dickinson Justice, who conducted an arraignment and remanded him to the Broome County Correctional Facility. *Id.* at ¶ 77.

Plaintiff's complaint names, as defendants, the City of Binghamton, the Binghamton Police Department, Broome County Sheriff's Department, the New York State Police, several law enforcement officers identified by name, and six "John and Jane Doe" defendants of varying descriptions. Complaint (Dkt. No. 1) at ¶¶ 3-20. In his complaint, plaintiff asserts several claims pursuant to 42 U.S.C. § 1983, including use of excessive force, failure to intervene, deliberate indifference to his serious medical needs, the conducting of an unlawful strip search, and deprivations of due process and equal protection.[1]

---

[1] As a result of the court's initial review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e), his claims against the Binghamton Police Department, the Broome County Sheriff's Department, the New York State Police, and New York State Trooper Schmitz and the four John Doe New York State Troopers, in their official capacities only, were dismissed, with prejudice. Report and Recommendation Dated January 24, 2013 (Dkt. No. 7) at 11-12, *adopted by* Order Dated February 15, 2013 (Dkt. No. 8).

### A.     Plaintiff's Failure to Appear at Rule 16 Conference

Upon commencement of the action, plaintiff was provided with a copy of the district's *pro se* handbook. Dkt. No. 4. Following the initial screening of plaintiff's complaint, a General Order No. 25 packet was sent to the plaintiff on March 25, 2013, informing him that a pretrial conference would be conducted in the case, pursuant to Rule 16 of the Federal Rules of Civil Procedure, on July 5, 2013 at 10:00 a.m. in Binghamton, New York.[2] Dkt. No. 11 at 1. Subsequently, on April 24, 2013, the court sent a notice to the parties that, due to a scheduling conflict, the Rule 16 conference was rescheduled for June 21, 2013, in Binghamton. Text Notice Dated Apr. 24, 2013.

The General Order No. 25 packet instructed the parties to confer and jointly prepare a civil case management plan, to be filed at least fourteen days prior to the Rule 16 conference. Dkt. No. 11 at 1. Despite that directive, plaintiff did not cooperate with defendants' counsel in

---

[2]     The General Order No. 25 packet listed the location of the Rule 16 conference as Binghamton, New York. Dkt. No. 11 at 1. In the attached draft civil case management plan to be completed by the parties, however, it stated that the conference would be held in Syracuse, New York. *Id.* at 5. Despite this discrepancy, the court did not hear from the *pro se* plaintiff prior to the Rule 16 conference to confirm the location, and he failed to appear for the conference on the designated date at either location.

4

formulating a plan for the progression of the case, and, as a result, defendants were forced to file a unilateral civil case management plan to satisfy the court's expectations. Dkt. No. 25.

On the date of the scheduled Rule 16 conference, plaintiff did not appear before the court. Minute Entry Dated June 21, 2013. In light of plaintiff's failure to provide the court and defendants' counsel a contact phone number, the court could not attempt to contact the plaintiff by telephone to secure his presence or obtain an explanation for his absence.

A failure to comply with a court order can provided a basis for dismissal of an action. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962). Before dismissing this case, however, I will afford the plaintiff an opportunity to explain why he did not appear for the Rule 16 conference, as directed. Accordingly, the plaintiff is hereby ordered to show cause, in writing, on or before July 19, 2013, why his complaint in this action should not be dismissed for failing to appear, as directed, for the scheduled Rule 16 conference.[3]

---

[3] In the event this action goes forward, plaintiff is hereby admonished that full and complete compliance with all court orders and the requirements imposed under the Federal Rules of Civil Procedure and the local rules of this court will be expected of him, irrespective of his *pro se* status.

B.    Uniform Pretrial Scheduling Order - Notice to Plaintiff

As a result of an initial pretrial conference conducted in this action, a uniform pretrial scheduling order ("UPSO") was issued by the court on June 21, 2013. Dkt. No. 27. That UPSO directs, among other things, that all discovery in the case be completed by December 15, 2013. *Id.* at ¶ 6.

Discovery is a process by which the parties to an action may request information that is relevant to the claims and defenses in the case from other parties and, under certain circumstances, non-party persons or entities. Discovery is governed principally by Rules 26 through 37 of the Federal Rules of Civil Procedure, and is conducted between the parties without court intervention, unless it becomes necessary to submit a discovery dispute for resolution by the court. Absent an agreement otherwise, each party typically must bear its own costs of conducting discovery.

The discovery process typically begins with the exchange of mandatory disclosures required under Rule 26(a) of the Federal Rules of Civil Procedure. That rule directs each party to automatically, without being requested, provide all other parties to the action the following information by a deadline specified by the court:

> (1) The identities of all persons likely to have discoverable information that the disclosing party may use to support its claims or defenses at trial. This disclosure should also describe the subjects of the information possessed by each potential witness identified.
>
> (2) A copy, or description by category and location, of all documents in the party's possession, custody or control that it may use to support its claims or defenses.
>
> (3) A computation of each category of damages claimed by the disclosing party, together with an indication of all documents or materials supporting the damages disclosed; and
>
> (4) The existence of any insurance agreement available to satisfy any judgment entered in the case.

Mandatory initial disclosures in this case must be served no later than July 31, 2013.

Following this initial exchange of information, the parties may serve interrogatories, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requesting that up to twenty-five questions, including subparts, be answered under oath. The parties may additionally request, in writing, the production of documents falling into specified categories, pursuant to Rule 34 of the Federal Rules of Civil Procedure. These discovery requests must be sent directly to counsel for the party from whom discovery is

sought, and served on all other parties, through counsel if represented, and should not be filed with the court. When requesting discovery, including documents, parties should note that the more specific the request, the more likely the information sought will be produced.

Generally speaking, parties must respond to discovery requests in writing within thirty days. The local rules of this court require that any discovery requests be served upon an opposing party at least thirty days before the deadline for completion of discovery, which in this case is December 15, 2013. Accordingly, discovery requests in this case must be served no later than November 15, 2013. The party issuing a discovery demand should always keep the original demand and send a copy of it to the opposing party. When responding to discovery requests, the answering party should keep the original and serve a copy of the responses upon the requesting party. Both the Federal Rules of Civil Procedure and the local rules of this court prohibit the filing of any discovery materials with the court unless and until it becomes necessary for the court to intervene and resolve a discovery dispute that has arisen and cannot be settled through good-faith negotiation between the parties, the discovery requests and responses are submitted to support or oppose

a motion addressing the merits of the case.

In addition to document demands and interrogatories, a party may also seek to take the deposition upon oral examination of another party. A party may also be permitted to compel a non-party witness to attend a deposition by issuing a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. Depositions are question-and-answer sessions, in which the person being deposed testifies under oath or upon affirmation, and are governed by Rule 30 of the Federal Rules of Civil Procedure. The entirety of a deposition, including both questions and answers, are transcribed by a court reporter, and may also be videographed for later use in the litigation. Unless the parties agree otherwise, depositions are limited in duration to seven hours.

Another form of discovery involves requests for admissions. Under Rule 36 of the Federal Rules of Civil Procedure, a party may serve on any other party a written request to admit, for purposes of the pending action only, a fact, the application of a law to fact, or an opinion about either. A request for admissions may also be used to seek an admission concerning the genuineness of a described document. Requests for admissions must be served at least thirty days before the close of

<mark>
</mark>

discovery, and must be answered within thirty days of service, unless ordered otherwise by the court.

On occasion, the need may arise for court intervention to resolve a dispute that has arisen during the course of discovery. Before requesting the court's assistance in connection with a discovery dispute, both the Federal Rules of Civil Procedure and the local rules of this court require that the parties make a good-faith effort to resolve their disagreement. When applying to the court for relief concerning discovery, a party must certify that such good-faith efforts have been made, and must describe those efforts in detail. The local rules of this court also require that a party obtain permission from the court before filing a motion to compel discovery. To seek permission, the requesting party should send a letter to the court requesting a telephone conference, and indicating in a short, brief statement that it is a request to resolve a discovery dispute. A copy of this letter must be sent to all other parties in the action.

The foregoing is hereby SO ORDERED.

Dated:   July 1, 2013
         Syracuse, New York

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge