IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SENGMANY SAVATXATH,

                Plaintiff,

    v.                                Civ. Action No.
                                      3:12-CV-1492 (NAM/DEP)

CITY OF BINGHAMTON; *et al.*,

                Defendants.

_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFF:

SENGMANY SAVATXATH, *Pro Se*
c/o 105 N. Roosevelt Ave.
Endicott, NY 12821

FOR CITY DEFENDANTS:

CITY OF BINGHAMTON               BRIAN M. SEACHRIST, ESQ.
CORPORATION COUNSEL
38 Hawley Street
City Hall
Binghamton, NY 13901

FOR COUNTY DEFENDANTS:

OFFICE OF BROOME COUNTY      JENNIFER L. KATZ, ESQ.
ATTORNEY
44 Hawley Street
P.O. Box 1766
Binghamton, NY 13902-1766

REPORT AND RECOMMENDATION

Plaintiff Sengmany Savatxath, who is proceeding *pro se*, commenced this action nearly one year ago. He failed to appear, however, at an in-person pretrial conference held by the court to discuss the case and a case management order to be entered, and has since failed to respond to an order directing him to show cause why his complaint should not be dismissed for failure to prosecute. In light of these circumstances, and plaintiff's failure to comply with court directives, I recommend that plaintiff's complaint be dismissed, without prejudice, for failure to prosecute.

I. BACKGROUND

Plaintiff filed his complaint in this matter on September 28, 2012. Dkt. No. 1. Upon commencement of the action, he was provided with a copy of the district's *pro se* handbook. Dkt. No. 4. Following the initial screening of plaintiff's complaint, a General Order No. 25 packet was sent to the plaintiff on March 25, 2013, informing him that an in-person pretrial conference would be conducted in the case, pursuant to Rule 16 of the Federal Rules of Civil Procedure, on July 5, 2013 at 12:30 p.m. in

Binghamton, New York.[1] Dkt. No. 11 at 1. Subsequently, on April 24, 2013, the court sent a notice to the parties advising that, due to a scheduling conflict, the Rule 16 conference was rescheduled for June 21, 2013, to be held in Binghamton, New York. Text Notice Dated Apr. 24, 2013.

The General Order No. 25 packet instructed the parties to confer and jointly prepare a civil case management plan, to be filed at least fourteen days prior to the Rule 16 conference. Dkt. No. 11 at 1. Despite that directive, plaintiff did not cooperate with defendants' counsel in formulating a plan for the progression of the case, and, as a result, defendants were forced to file a unilateral civil case management plan to satisfy the court's expectations. Dkt. No. 25.

On the date of the scheduled Rule 16 conference, plaintiff did not appear before the court. Minute Entry Dated June 21, 2013. In light of plaintiff's failure to provide the court and defendants' counsel a contact

---

[1] The General Order No. 25 packet listed the location of the Rule 16 conference as Binghamton, New York. Dkt. No. 11 at 1. In the attached draft civil case management plan to be completed by the parties, however, it was stated that the conference would be held in Syracuse, New York. *Id.* at 5. Despite this discrepancy, the court did not hear from the *pro se* plaintiff prior to the Rule 16 conference to confirm the location, and he failed to appear for the conference on the designated date at either location.

phone number, the court could not attempt to contact the plaintiff by telephone to secure his presence or obtain an explanation for his absence. Based upon plaintiff's failure to appear on July 1, 2013, I issued an order directing him to show cause, in writing, on or before July 19, 2013, as to why this action should not be dismissed for failure to prosecute. Dkt. No. 29. To date, the plaintiff has not responded to this order.

II. DISCUSSION

A plaintiff's failure to cooperate with defendants' counsel and to appear as directed at the scheduled Rule 16 Conference could amount to a finding that the plaintiff has neglected to prosecute his case. Such conduct could warrant dismissal of the action. *Link v. Wabash R.R. Cnty. Indep. Sch. Dist.*, 370 U.S. 626, 629-30 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."). Before dismissing the case now before me, however, I opted to afford plaintiff an opportunity to explain why he did not appear for the Rule 16 conference, as directed, in deference to his *pro se* status. Despite the court's directive requiring him to show cause, on or before July 19, 2013, as to why the action should not

be dismissed for failure to prosecute, plaintiff neglected to respond in any way, and the case remains stagnant. The implication from plaintiff's manifest disinterest in the case is that he no longer intends to prosecute the claims set forth in his complaint.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute.[2] *See* Fed. R. Civ. P. 41(b); *Rodriguez v. Goord*, No. 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J. *adopting report and recommendation by* Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31 (1962); *Williams v. Faulkner*, No. 95-CV-0741, 1998 WL 278288, at *2 (N.D.N.Y. May 20, 1998) (Pooler, J., *adopting report and recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and*

---

[2] Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'" *Rodriguez*, 2007 WL 4246443, at *2 (quoting *Link*, 370 U.S. at 630). Indeed, the local rules of this court recognize this authority, and mandate that the court exercise it under certain circumstances. *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

*recommendation by* Scanlon, M.J.); *Moshier v. Trabout*, No. 96-CV-1666, 1998 WL 167298, at *1 (N.D.N.Y. Apr. 2, 1998) (Pooler, J. *adopting report and recommendation by* Hurd, M.J.).

The question of whether a Rule 41(b) dismissal for failure to comply with an order of the court is warranted is informed by the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

I have carefully evaluated these five factors and find that they weigh decidedly in favor of dismissal in this case. Plaintiff failed to appear at a Rule 16 conference, neglected to comply with an order to show cause requiring him to notify the court, in writing, as to why this action should not be dismissed for failure to prosecute, and has persisted in his silence for a period of nearly two months since the Rule 16 conference was conducted before me on June 21, 2013. My order to show cause plainly placed

plaintiff on notice that his failure to comply with this directive would likely result in dismissal of the action. These facts, in combination with the inherent prejudice to defendants resulting from any delay in the proceedings, the court's interest in managing its docket, and consideration of less drastic sanctions, convince me that dismissal of plaintiff's complaint in this matter is justified. *See*, *e.g.*, *La Grande v. Albany Police Dep't*, No. 07-CV-0757, 2008 WL 4021828, at *1 (N.D.N.Y. Aug. 25, 2008) (Homer, M.J.) (dismissing case where the plaintiff failed to take action in case for several months and failed to respond to the court's communications).

III. SUMMARY AND RECOMMENDATION

The court's records reveal that plaintiff has failed to take any steps to comply with the order to show cause issued by me in this action on July 1, 2013. Accordingly, based upon plaintiff's failure to comply with court directives and local rules of practice, and after considering the factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, it is hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, without prejudice, for failure to prosecute.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: August 12, 2013
Syracuse, New York

*David E. Peebles*
U.S. Magistrate Judge